908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin DYKMAN, Plaintiff-Appellant,
v.
Larry DONOVAN, Deputy of Housing, Riverside Correctional
Facility, John Does 1 and 2, Staff at North Complex,
Jackson, Prison, sued in their individual and official
capacities, jointly and severally, Defendants-Appellees.
 No. 89-2154.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Kevin Dykman, a Michigan prisoner proceeding with benefit of counsel, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dykman sued the Deputy of Housing at Michigan's Riverside Correctional Facility for injuries Dykman suffered when Donovan failed to protect him from another inmate who assaulted him while he was incarcerated in the State Prison of Southern Michigan at Jackson. Also named as defendants were two members of the prison staff at the State Prison of Southern Michigan.
 
 
 3
 The district court granted defendants' motion for summary judgment and Dykman appeals. This appeal only considers the propriety of the district court's action concerning defendant Donovan.
 
 
 4
 Upon review, we hold that summary judgment in defendant's favor was not in error. In order to show that a prison official has violated the eighth amendment rights of an inmate by failing to protect him from assault by another inmate, plaintiff must establish deliberate or callous indifference to his risk of injury. McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988). Dykman failed to establish the elements necessary to make out a jury case against defendant Donovan.
 
 
 5
 Accordingly, for the reasons stated in the district court's decision of September 19, 1989, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.